UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BAIJEBO TOE,

    Petitioner,

v.                                    Case No. 24-C-13

SHERIFF DALE J. SCHMIDT and
ACTING DIRECTOR SHAWN BYERS,

    Respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

On January 3, 2024, Petitioner Baijebo Toe, a Liberian national subject to an order of removal, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the validity of his continued detention in the custody of Immigration and Customs Enforcement (ICE), the investigative arm of the Department of Homeland Security (DHS). Dkt. No. 1. Toe is currently being held in custody of Dodge County Sheriff Dale J. Schmidt at the direction of Shawn Byers, acting director of the Chicago Field Office for ICE, at the Dodge County Detention Center. Toe contends that his rights under the Due Process Clause of the Fifth Amendment are being violated after the grant of a deferral of removal to Liberia became administratively final. *Id.* ¶ 40. Finding that it was not plainly apparent that Toe was not entitled to relief, the court ordered that Respondents show cause why the writ should not be granted. Dkt. No. 5. On January 12, 2024, Respondents filed their response to the court's order to show cause and, on January 16, 2024, Toe filed a reply in support of his petition. Dkt. Nos. 7, 10. For the following reasons, Toe's petition will be denied and the case dismissed.

# BACKGROUD

Toe is a 38-year-old Liberian national who entered the United States in 1994 as a refugee and later became a lawful permanent resident. Dkt. No. 1 ¶ 15. In 2019, Toe was ordered removed based on a prior conviction for unlawful sexual conduct with a minor. *Id.* ¶ 21. Sexual abuse of a minor qualifies as an "aggravated felony" subjecting Toe to deportation. 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1101(a)(43)(A). In December 2021, following the completion of his criminal sentence, DHS transferred Toe to immigration custody and detained him at the Clay County Jail in Brazil, Indiana. Dkt. No. 1 ¶ 22. In May 2022, Toe moved to reopen his removal proceedings, seeking to apply for deferral of removal under the Convention Against Torture (CAT). *Id.* ¶ 24. On June 1, 2022, DHS deported Toe to Liberia while his motion to reopen was pending. *Id.* ¶ 26. On June 22, 2022, Toe's motion to reopen was granted, and he sought re-entry to be present for his removal proceedings. *Id.* ¶ 27. On March 15, 2023, Toe re-entered the United States and was immediately detained by DHS at the Dodge County Detention Center in Wisconsin. *Id.* ¶ 28. He has remained in DHS custody ever since. *Id.* ¶ 15.

On November 30, 2023, Toe was ordered removed to Liberia and his application for deferral of removal under CAT was simultaneously granted. *Id.* ¶ 30. Neither Toe nor DHS appealed the decision with the Board of Immigration Appeals (BIA). *Id.* ¶ 31. With the closing of the 30-day appeal window, Toe's order of removal became administratively final. *Id.* ¶¶ 2, 31–32 (citing 8 U.S.C. § 1101(a)(47)(B)(ii)). Toe's 90-day "removal period" began to run on January 2, 2024. *Id.* ¶ 31; *see* 8 U.S.C. §§ 1231(a)(1)(A)–(B). Toe alleges that the immigration court did not designate an alternate country for his removal, that the government has not sought to designate or initiate removal proceedings regarding an alternate country, and that ICE has not requested that he complete any paperwork or meet with consular officials from any third country. *Id.* ¶ 40.

## LEGAL STANDARD

A federal court may grant habeas relief to a detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). In determining whether to grant such relief, the court may consider affidavits and documentary evidence such as records from any underlying proceeding. §§ 2246–47. No evidentiary hearing is required where the petition and response present only issues of law. § 2243.

## ANALYSIS

Toe asserts that his continued detention after the removal order became administratively final violates the Due Process Clause of the Fifth Amendment. He contends that his continued detention is no longer reasonably related to its statutorily limited purpose because DHS is unlikely to remove him to any other country besides Liberia. Dkt. No. 1 ¶ 40. Similarly, he maintains that the government lacks a legitimate purpose for continuing his detention because the government cannot plausibly remove him—there is at most only a small possibility of removal—to an alternate country. *Id.* ¶¶ 7, 34–35. In support, he argues that this implicit limitation on the post-removal-order immigration detention statute, which the Supreme Court has recognized in other cases, should be extended to this case because the goal of Toe's detention "is no longer practically attainable." *Id.* ¶ 32 (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). Toe contends that "when removal within the removal period is no longer a practically attainable goal, immigration detention is no longer constitutionally permissible, even if that results in a detention shorter than the statutorily authorized 90-day period." *Id.*

The government contends that Toe's detention is mandated by statute. "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. §§ 1231(a)(1)(A). But removal can be deferred. CAT deferral is a

form of protection that prohibits the government from removing a noncitizen to a country where he has demonstrated that it is more likely than not that he would be tortured. 8 C.F.R. § 1208.17(a). Deferral of removal "[w]ill not necessarily result in the alien being released from the custody of the Service if the alien is subject to such custody." 8 C.F.R. § 1208.17(b)(ii). "If an immigration judge grants an application for withholding of removal, he prohibits DHS from removing the alien *to* that particular country, not *from* the United States. The removal order is not vacated or otherwise set aside. It remains in full force, and DHS retains the authority to remove the alien to any other country authorized by the statute." *Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2285 (2021). "During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found . . . deportable under section 1227(a)(2)." 8 U.S.C. § 1231(a)(2).

Here, Toe's 90-day removal period began when his order of removal became administratively final. *See* 8 U.S.C. § 1231(a)(1)(B). The November 30 decision became administratively final at the close of the 30-day window to appeal the decision with the BIA. Thus, DHS has until March 29, 2024, to effectuate Toe's removal to a country other than Liberia. Indeed, the government asserts that it is actively and in good faith pursuing Toe's removal to a third country. Dkt. No. 7 at 2.

Toe contends that detention during the 90-day removal period is merely authorized and can be cut short under certain circumstances, i.e., when it is already clear there is no reasonable likelihood of effectuating removal. But that is not the case. Section 1231(a)(2) provides an unambiguous directive that "under no circumstance during the removal period shall" an alien be released who has been found, as Toe was here, "deportable under section 1227(a)(2)."

4

*Zadvydas* does not support Toe's argument. *Zadvydas* held that there must be some limit to an alien's post-removal period detention under § 1231(a)(6) so as to avoid what would otherwise be indefinite detention. 533 U.S. at 689–90. Toe urges this court to extend this holding to aliens held in custody during the 90-day removal period when the claim is made that he is unlikely to be removed. But the purpose of the 90-day period is to allow DHS to make just such a determination. *Zadvydas* itself created a presumption that even after the 90-day removal period, continued detention is presumptively reasonable for the first six months. *Id.* at 701. Given the holding in *Zadvydas*, there is no reason that would allow this court to, in effect, add further limitations on the DHS's authority to detain aliens during the 90-day removal period. The limitation *Zadvydas* imposed on § 1231(a)(6) is inapplicable here because Toe's detention has not yet gone beyond the 90-day removal period. His petition is therefore premature.

## CONCLUSION

For these reasons, Toe's petition for writ of habeas corpus is **DENIED** and the case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 18th day of January, 2024.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge
